## CHAS. LEWIS v. THE STATE.

No. 5498. Decided October 22, 1919.

**1.—Assault—Principal—Misdemeanor—Rule Stated.**

In misdemeanor all parties are regarded as principals, and where defendant caused another party to commit a simple assault upon a third party he was a principal. Following Houston v. State, 13 Texas Crim. App., 595.

**2.—Same—Evidence—Bolstering Up Witness—General Reputation.**

Where, upon trial simple assault, the State's witness, after having testified that defendant had advised the attacking party to make the assault and that he would pay the fine, it was reversible error to permit the witness to testify that he went before the grand jury and testified there to the same facts, over the objections of the defendant who had not attacked in any manner the general reputation for truth and veracity of this witness.

**3.—Same—Remarks by Judge—Practice in County Court.**

Upon trial of simple assault, a remark by the trial judge that what the witness stated he testified to in the grand jury room was absolutely true, and that this ought to be enough to satisfy anybody, the same was reversible error.

Appeal from the County Court of Hunt. Tried below before the Hon. A. J. Gates, judge.

Appeal from a conviction of simple assault; penalty, a fine of five dollars.

The opinion states the case.

*Clark & Sweeton,* for appellant.—On question of bolstering up testimony: Red v. State, 46 S. W. Rep., 408; Kirksey v. State, 58 Texas Crim. Rep., 188, 125 S. W. Rep., 15; Pride v. State, 52 Texas Crim. Rep., 449, 107 S. W. Rep., 819; Green v. State, 53 Texas Crim. Rep., 466, 110 S. W. Rep., 925; Baum v. State, 60 Texas Crim. Rep., 638, 133 S. W. Rep., 271.

On question of remarks by court: Simmons v. State, 55 Texas Crim. Rep., 441; Newton v. State, 58 id., 316; Deary v. State, 62 id., 352; Scott v. State, 72 Texas Crim. Rep., 26, 160 S. W. Rep., 960.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of simple assault and fined $5. The conviction occurred in the County Court to which an indictment found by the grand jury had been transferred. There were two theories presented by the evidence. The State's evidence, briefly stated, is to the effect that appellant had advised or suggested to another party that if he would whip a young man by the name of Fraley that he, appellant, would pay his fine. The party to whom the statement was made, made an assault upon Fraley and knocked him down. The State's theory of this transaction was that appellant having stated to the other party if he would whip Fraley he would pay his fine, that, therefore, he was a principal in the transaction. Being a misdemeanor all parties are regarded as principals. The question was first decided in Texas in Houston v. State, 13 Texas Crim. App., 595. The decisions seem to be uniform to this effect. The defendant's theory was that he did not make such offer and had no connection with the fight. The two theories, therefore, present a square issue for the determination of the jury.

Two bills of exception were reserved to the introduction of testimony. They recite practically the same matters, and, therefore, will be treated as one. While these witnesses were testifying the State in its examination in chief, and before defendant had asked any question, or had had an opportunity to do so, after having proved by them that defendant had advised the attacking party to make the fight or rather had agreed to pay his fine if he did whip the other boy, asked the witness if he did not go before the grand jury and testify. This was answered in the affirmative. He was then asked if he did not testify there to the same facts as he was testifying now before the jury. He stated that he had. Various and sundry ob-

jections were urged to this. It is not thought necessary to state them. This testimony was not admissible. Appellant had not attacked the testimony or the reputation for veracity of either witness; he had not asked a question. The bill of exceptions excludes the idea that the State was surprised at the testimony of its witnesses. They testified to a straight case if the jury believed it and without any evasion or unwillingness so far as the record shows. The court stated in qualifying the bill that the witness was an unwilling witness. This would not permit this character of testimony, though he might be unwilling and desired not to testify, if in testifying he gave his evidence as he understood the facts occurred. There must be something justifying such character of examination and eliciting such testimony. The authorities on this are quite numerous and will be found collated in Mr. Branch's Crim. Law, Secs. 866 and 875.

Another bill recites the remarks made by the trial judge, which it is contended were upon the weight of the testimony. The language used by the judge was as follows: "He (meaning the witness Lewis Roach) states that what he said in the grand jury room and what he says now is absolutely true, and that ought to be enough to satisfy anybody." This witness had testified before the grand jury as to the offer of defendant to pay the fine if the boy would whip Fraley. We are of opinion that this remark was on the weight of the testimony and should not have been indulged. The court says he was not intending to comment on the weight of the testimony, but was rebuking the county attorney for asking this witness with reference to his testimony before the grand jury; but it was in answer to his stating what occurred before the grand jury when his testimony had not been attacked.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*